12 N.J. Super. 167 (1951)
79 A.2d 86
JOHN T. WOLAN, APPELLANT,
v.
MARTIN J. FERBER, DIRECTOR, DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND SAFETY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1951.
Decided March 6, 1951.
*168 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Arthur J. Sills argued the cause for the appellant (Mr. David T. Wilentz, attorney).
Mr. John J. Kitchen, Deputy Attorney General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney General, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
This is an appeal from an order of the Director of the Division of Motor Vehicles, revoking appellant's license to drive a motor vehicle.
The proceeding was initiated by a notice dated May 18, 1950, of the proposed revocation of the license in accordance with R.S. 39:5-30. It alleges: "Reasonable grounds for the action of this Division are based on the charge that on April 23, 1950, at about 2:08 A.M. on Route 25 at Main Street, Bonhamtown, New Jersey, you did operate a motor vehicle in a reckless and incompetent manner, and while under the influence of intoxicating liquor, thereby causing an accident." A hearing was had June 28, 1950, at which appellant was represented by counsel, witnesses were examined and arguments heard. Two weeks later, the director made the order which is now under attack, reciting that it appeared "that reasonable grounds exist for the revocation of your driver's license, to wit:"  and then follow the same specifications that were set forth in the notice.
The statute, R.S. 39:5-30, empowers the director to revoke a driver's license "for a violation of any of the provisions of this title, or on any other reasonable grounds." We are doubtful whether the clause which authorizes revocation of the license "on any other reasonable grounds" is valid or whether it is fatally defective in failing to warn the licensee what *169 conduct on his part may bring about a forfeiture of his license. U.S. v. L. Cohen Grocery Co., 255 U.S. 81; 41 S.Ct. 298 (1921); A.B. Small Co. v. Am. Sugar Refining Co., 267 U.S. 233; 45 S.Ct. 295 (1924). In order that the appellant may have the benefit of the doubt, we will assume that a driver's license may be revoked only for a violation of one of the provisions of Title 39. R.S. 39:4-96 imposes penalties on reckless driving, which is defined as driving "carelessly and heedlessly * * * without due caution and circumspection * * * in a manner so as to endanger * * * a person or property."
The charge that appellant "did operate a motor vehicle in a reckless * * * manner" is a charge of a violation of section 96. The recital contained in the order revoking the license should be construed to be a finding by the director that appellant was guilty of each specification contained in the notice, including the allegation that appellant operated his automobile in a reckless manner. State v. Huggins, 84 N.J.L. 254, 258 (E. & A. 1912); Harper, Hollingsworth, etc., v. Mountain Water Co., 65 N.J. Eq. 479 (Ch. 1903); Welch Co. v. State, 199 A. 886; 120 A.L.R. 282 (N.H. 1938); affirmed, 306 U.S. 79; 59 S.Ct. 438 (1938); Buhler v. Department of Agriculture, 280 N.W. 367 (Wis. 1938). This finding, by itself, furnished a sufficient basis for the revocation of appellant's license, provided, of course, the evidence supported the finding. All the other matters which are recited may be treated as surplusage.
Appellant had been attending a wedding reception at the Raritan Township Firehouse. About 1:30 A.M., he left and, with three of his friends, drove to the Dixie Belle on Main Street in Bonhamtown to get a tomato pie. At about 2 A.M., the men returned to their car and appellant started to cross State Highway 25 which was only a few hundred feet from the Dixie Belle. He had scarcely reached the center of the highway when he was struck by an automobile driven by a person named Biddulph. The intersection of Main Street and the highway is guarded by a traffic light. If appellant drove into the intersection in disregard of the traffic signal, *170 that is, while the light shone red as a warning for cars on Main Street to stop, he was driving recklessly. State Highway No. 25 is one of the busiest in the State; Biddulph, who was approaching the intersection along the highway, was endangered by appellant's manner of driving if, in fact, appellant ignored a red light.
Biddulph was so prejudiced that his testimony may properly be disregarded. A Mr. Sutherland, whose home on Main Street was only 400 or 450 feet from the highway, happened to be standing on the front porch. He heard the noise of skidding tires and immediately looked toward the intersection. "I observed that the traffic light on Main Street was red, and that there was a car proceeding * * * down Main Street toward me through the intersection. Another car was approaching from New York in a westerly direction, apparently skidding, attempting to stop before the collision." Appellant argues that because this witness did not notice the light until appellant had driven into the intersection, his evidence does not reach the critical question  what color was displayed for Main Street just before appellant reached the intersection. Since Sutherland observed the light before the collision occurred, appellant could not have entered the intersection more than a couple of seconds earlier, and the light  accepting Sutherland's testimony as true  must almost certainly have been red or yellow, but not green, when appellant drove up to the intersection. The deputy director, who took the proofs, gave much weight to Sutherland's testimony.
Radvansky, who was one of appellant's passengers, testified that after their car was backed out of the parking lot, he "noticed the light on the Highway was amber." "I don't know which was amber, ours or the Highway side  I couldn't definitely tell you  but the light on the Highway was amber." Evidently he was referring to the light at the intersection. His testimony, while not at all clear, tends to support the State's case.
Appellant testified that "the light had just turned from red to green and I started to move across the Highway." Galya, who was in his car, furnished corroboration.
*171 We conclude that the director's findings were justified by the evidence and that the revocation of the license must stand. No costs are allowed.
Appellant urges that revocation rather than suspension for a period is too harsh, especially since he had had a clean record save on this one occasion. Attendance at the wedding reception and the lateness of the hour probably combined to lessen appellant's usual caution. The director, pursuant to R.S. 39:5-32, may well consider the renewal of appellant's license after not too long a period.